# IN THE COURT OF APPEALS OF IOWA

No. 24-0273
Filed February 5, 2025


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GITA SHRYVONNE THOMAS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Russell G. Keast,
Judge.


        A defendant appeals her conviction, challenging the denial of her motion to
dismiss for an alleged speedy-indictment violation.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant
Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Aaron Rogers, Assistant Attorney
General, for appellee.


        Considered by Schumacher, P.J., Badding, J., and Telleen, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2025).

**SCHUMACHER, Presiding Judge.**

On August 22, 2023, a police officer conducted a traffic stop of a vehicle driven by Gita Thomas, who was driving with a barred license. The officer issued Thomas a citation in lieu of arrest for the driver's license violation. Thomas did not appear on her court date. She was later arrested pursuant to a warrant for failure to appear. Thomas made her initial appearance on September 20.

On October 12, the State charged Thomas by trial information for driving while barred, habitual offender, in violation of Iowa Code sections 321.560 and 321.561 (2023). The charges were filed fifty-one days after Thomas received the citation in lieu of arrest and twenty-two days after Thomas's initial appearance.

Thomas moved to dismiss, arguing Iowa Rule of Criminal Procedure 2.33(2)(a) (2023) required the State to file a trial information or indict Thomas within forty-five days of her citation. Because that did not occur, Thomas claimed the State violated her right to speedy indictment. The State resisted Thomas's motion, reasoning an amendment to the rule, which took effect July 1, 2023—before the stop of Thomas's vehicle—clarified that the controlling date for the forty-five-day speedy-indictment window is the date of the defendant's initial appearance. *See* Iowa R. Crim. P. 2.33(2)(a) (Supp. 2023). The filing occurred twenty-two days after Thomas's initial appearance, so the State claimed no violation occurred. Adopting the State's reasoning, the district court denied Thomas's motion.

The district court convicted Thomas after holding a stipulated bench trial on the minutes of testimony. Thomas appeals, challenging the denial of her motion to dismiss.

For the reasons set forth in our recent opinion in *State v. Cole*, the date from which to measure the speedy-indictment rule's forty-five-day window is the date of initial appearance, not the date of arrest or citation in lieu of arrest. No. 24-0303, 2025 WL 52853, at *1-3 (Iowa Ct. App. Jan. 9, 2025); Iowa R. Crim. P 2.33(2)(a) (Supp. 2023). Because the State charged Thomas by trial information within forty-five days of her initial appearance, the district court properly denied Thomas's motion.

We reject the challenge on appeal and affirm.

**AFFIRMED.**